BARTLETT *v.* HODGDON.

The court may, in its discretion, limit the costs of the prevailing party, or refuse to allow him any costs, in cases for which the statute has made no express provision.

THIS was an action of assumpsit upon a warranty of a horse. The damages demanded in the writ were one hundred dollars. The plea was the general issue. There were three questions for the jury; viz., Did the defendant warrant the horse in question to be sound? Was the horse at the time of the warranty sound? And if not, what damages did the plaintiff sustain by reason thereof? The jury returned a verdict for the plaintiff for fifty cents damages. Thereupon the defendant moved the court to limit the plaintiff's costs, and the court upon that motion ordered that no costs be allowed to either party, but that execution issue for the plaintiff for fifty cents damages, without any costs; to which ruling the plaintiff excepted and filed exceptions, which were allowed, and signed by the court.

*Morrison, Stanley & Clark*, for the plaintiff.

The 6th section of chapter 204 of the Compiled Statutes provides that " in cases where it appears that the plaintiff had no·reasonable expectation of recovering more than thirteen dollars and thirty-three cents, the court may limit the costs to such sum as they think reasonable." Under this statute it has been repeatedly held that it must be clearly made to appear that the plaintiff could have had no reasonable expectation of recovering more than thirteen dollars and thirty-three cents, in order to limit his costs. *Herrick* v. *Fuller*, 5 N. H. 247; *Ames* v. *Cady*, 6 N. H. 59; *Church* v. *Clark*, 26 N. H. 291. This will certainly be an anomalous case if it is held that the plaintiff, having a valid cause of action against the defendant, and prosecuting it to a verdict in his favor, can not recover any costs whatever. We are not aware of any rule of law or practice that would have led us to anticipate such a result, and we submit that the plaintiff is entitled to full costs upon the law and facts in this case.

*G. Y. Sawyer*, for the defendant.

The question in this case is not whether the costs were properly

limited under the provisions of section 6, ch. 191, Revised Statutes. It does not appear from the exceptions that the court undertook, as in the cases of *Herrick* v. *Fuller, Ames* v. *Cady,* and *Church* v. *Clark,* cited in the plaintiff's brief, to limit the costs on the ground that the plaintiff had no reasonable expectation of recovering thirteen dollars and thirty-three cents. Here it must be understood that the costs were limited under the provisions of section 7 of that chapter, authorizing the court, where the action is pending, to limit and allow such costs as they may deem just and reasonable. The limiting and allowing of costs under that section is entirely within the discretion of the court, and it must be understood from the case that the discretion was exercised, and properly.

This court will not, upon exceptions taken by the party, revise the doings of the judge presiding at the trial term, in a matter entirely within his discretion.

SARGENT, J. Section 1, chapter 191, Revised Statutes, provides a general rule for the allowance of costs in civil causes, by which costs are to follow the event of the suit, unless otherwise directed by law or by the court. To this general rule there are many exceptions. The statute has undertaken to classify these exceptional cases, as far as may be, and to make special provision for them. Section 2 makes provision that in one of these classes of exceptional cases no costs shall be allowed. Sections 3, 4, 5 and 6 provide for limiting the costs in as many distinct classes of these cases, each section furnishing the rule to be applied in the class of cases which it describes.

These were all the provisions that existed prior to the Revised Statutes of 1843. No provision similar to the 7th section of chapter 191, Revised Statutes, is found in the laws of 1791. N. H. Laws (1815) 106, 166. Nor is there in the revision of 1829. N. H. Laws (1830) 97, 98 and 509. Nor in the Laws of 1832, remodeling the Judiciary. Laws of 1832, p. 78.

Section 7 of our present law was added in the revision of 1843, and provides that in all actions and petitions pending in court in the county where the judgment was rendered, the court may, on motion and on good cause shown, limit and allow such costs as they may deem just and reasonable. By this section provision is made for extraordinary cases, not supposed to fall within any of the classes of cases before enumerated as exceptions to the general rule.

It is evident that the court at the trial of this cause considered it as one of those extraordinary cases which did not fall within the provisions of either of the other sections of this chapter, but as one falling properly under section 7, and have exercised the discretion there conferred, by disallowing any costs; and the question whether that discretion was judiciously exercised or not, is not brought before us.

*Exceptions overruled.*